```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION
```

ROBERT O. IDAHOSA,                *

    Plaintiff,                *

vs.                               *

                                                                               CASE NO. 4:19-CV-50 (CDL)

SECRETARY OF THE ARMY, ELVA R.    *
SHOEMAKER, and GEORGE W.
STEUBER,                          *

    Defendants.               *

## O R D E R

Robert O. Idahosa is a civilian employee of the U.S. Army. Idahosa claims that he was subjected to discrimination because of his gender, national origin, age, and disabilities. He also asserts that he was retaliated against for complaining of unlawful discrimination. Idahosa, who is proceeding pro se, brought this action against the Army, his former supervisor, and the deputy garrison commander under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 to 12117, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 to 634. He also asserts state law claims against the Army, his former supervisor, and the deputy garrison commander. Defendants moved

to dismiss all of Idahosa's claims. As discussed below, the motion (ECF No. 5) is granted in part and denied in part.

FACTUAL ALLEGATIONS

Idahosa alleges that the Army paid him less than female employees performing similar jobs, failed to accommodate his disabilities, and selected female coworkers instead of him for promotions.[1] Idahosa further asserts that his supervisors subjected him to a discriminatory and retaliatory hostile work environment. Idahosa filed a discrimination complaint with the Equal Employment Opportunity Office at Fort Benning. The Army issued a final decision finding no discrimination, and Idahosa appealed. On December 13, 2018, the Equal Employment Opportunity Commission ("EEOC") Office of Federal Operations issued a decision affirming the Army's final decision finding no discrimination. Compl. Ex. A, EEOC Decision (Dec. 13, 2018), ECF No. 1-1 at 8-16.[2] Idahosa alleges that he received the EEOC's decision on December 27, 2018. Compl. ¶ IV.B, ECF No. 1. He filed this action on March 25, 2019.

---

[1] Idahosa's Complaint does not contain any specific facts, but he incorporates his Formal Complaint of Discrimination, which contains factual allegations about the alleged discrimination and retaliation.
[2] A document attached as "an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

2

DISCUSSION

## I. Motion to Dismiss for Failure to State a Claim

Defendants contend that Idahosa's Title VII claims and ADEA claims should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

### A. Were Idahosa's Title VII and ADEA Claims Timely?

Defendants argue that Idahosa's Title VII and ADEA claims should be dismissed as untimely because he did not file this action within ninety days after Defendants presume that his

3

lawyer received the EEOC's December 13, 2018 decision affirming the Army's final agency decision.

Title VII provides a right of action for federal employees claiming discrimination based on race, color, religion, sex, or national origin and waives sovereign immunity for such claims. *See* 42 U.S.C. § 2000e-16(c). Similarly, the ADEA provides a right of action for federal employees claiming age discrimination and waives sovereign immunity for such claims. *See* 29 U.S.C. §§ 633a(a) & 633a(c). Before a federal employee may bring a Title VII or ADEA action, the employee must "initiate administrative review of any alleged discriminatory or retaliatory conduct." *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) (per curiam); *accord* 29 C.F.R. § 1614.105(a)(1); *see also* 29 C.F.R. § 1614.103 (stating that Title VII and ADEA claims must be processed in accordance with federal sector EEO regulations). Once an agency renders a final action on a federal employee's administrative complaint, the employee may appeal that action to the EEOC. 29 C.F.R. §§ 1614.401(a) & 1614.402(a). If the employee appeals to the EEOC, the employee may file a civil action within "90 days of receipt of the [EEOC]'s final decision on an appeal." 29 C.F.R. § 1614.407(c); *accord* 42 U.S.C. § 2000e-16(c).

Here, the EEOC's December 13, 2018 decision informed Idahosa of these deadlines. EEOC Decision 7, ECF No. 1-1 at 14.

4

The EEOC's certificate of mailing states that the decision was mailed to Idahosa and his then-attorney, Raymond Tillery, on December 13, 2018, and that the EEOC would presume that the decision was received within five days after it was mailed. *Id.* at 9, ECF No. 1-1 at 16. Idahosa, however, specifically alleges that he received the EEOC's decision on December 27, 2019, less than ninety days before Idahosa filed this action. Defendants argue that the Court should ignore this allegation and instead determine that Idahosa received notice of the EEOC's decision by December 18, 2018 because Idahosa is bound by the acts of his lawyer and there is a *presumption* that his lawyer received the notice within five days. Defendants are correct that Idahosa is bound by the acts of his lawyer, and if it were established that Mr. Tillery received the letter by December 18, 2018, the Court would have to conclude that Idahosa's Title VII and ADEA claims are time-barred. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 91-92 (1990) (finding that although the plaintiff received the EEOC's letter twenty-nine days before he filed his complaint, the complaint was untimely under a thirty-day deadline because his lawyer's office received the EEOC's letter forty-four days before the plaintiff filed his complaint).

Here, nothing in the Complaint establishes conclusively that Mr. Tillery received the EEOC's decision by December 18, 2018. And, Defendants did not point to any authority suggesting

5

that the Court should ignore the specific allegations in the Complaint in favor of its self-imposed five-day presumption. While it may be appropriate to apply a presumption when the actual date of receipt is unknown, the Court finds that it would be inappropriate to apply the presumption in this case at the motion-to-dismiss stage.[3] Based on Idahosa's specific allegation about when he received the EEOC's final decision and the lack of any allegation or evidence regarding when Mr. Tillery received the EEOC's decision, the Court declines at this stage in the litigation to deem Idahosa's complaint untimely based on a mere presumption that his lawyer received it by December 18, 2018.

Idahosa alleges that he received the EEOC's decision on December 27, 2019. He filed this action within ninety days. The Court thus declines to dismiss his Title VII and ADEA claims as untimely. Defendants' motion to dismiss on this ground is denied.

---

[3] *Kerr v. McDonald's Corp.*, 427 F.3d 947 (11th Cir. 2005) (per curiam), which Defendants rely on in their brief, does not require a different result. In that case, decided at the summary judgment stage, the plaintiffs testified that they did not receive right-to-sue letters from the EEOC until mid-February 2003. But, there was evidence that an EEOC supervisor told the plaintiffs in late December 2002 that the EEOC's investigation was complete; the plaintiffs requested right-to-sue letters in early January 2003; the EEOC mailed the letters by January 9, 2003; the employer's outside counsel received the letters by January 14, 2003; the plaintiffs received copies of the letters in February that were dated months prior; and the plaintiffs failed to make any inquiry regarding the late or missing letters. The Eleventh Circuit concluded that because the plaintiffs had actual knowledge that the EEOC had terminated its investigation of their claims, the time for filing began running a reasonable time after the right-to-sue letters were originally mailed. *Id.* at 954.

6

B.  May Idahosa Maintain His Claims Against the Individual Defendants in their Individual Capacities?

In addition to asserting his Title VII, ADEA, and ADA claims against the Army, Idahosa asserts those claims against his supervisor, Elva Shoemaker, and the deputy garrison commander, George Steuber.  But these statutes do not provide for individual liability, so Plaintiff's Title VII, ADEA, and ADA claims against Shoemaker and Steuber are dismissed.  *See Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) (noting that neither Title VII nor the ADEA "countenance individual liability" and concluding that individual defendants are also not subject to employment discrimination suits under Title I of the ADA).

Idahosa also asserts state law claims against Shoemaker and Steuber.  Although Defendants moved to dismiss Idahosa's Title VII, ADEA, and ADA claims against Shoemaker and Steuber, they did not move to dismiss the individual capacity state law claims against these two Defendants.  The Court declines to analyze these claims *sua sponte*.  They are not dismissed.

**II. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendants contend that Idahosa's ADA and state law claims against the Army should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because those claims are barred by sovereign immunity.

Defendants' attack on the Court's jurisdiction is a facial one, so the Court must take the allegations in the Complaint as true for purposes of the pending motion to dismiss. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). If sovereign immunity applies, the Court lacks "jurisdiction to entertain the suit." *Meyer*, 510 U.S. at 475 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Because Idahosa is suing the Army, he "bears the burden of establishing that the federal government has waived its sovereign immunity with respect to [his] claim[s]." *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010) (per curiam). Waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969).

First, the United States did not waive its sovereign immunity in Title I of the ADA. The ADA prohibits a "covered entity" from engaging in employment discrimination on the basis of disability. 42 U.S.C. § 12112(a). A "covered entity" is "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). The United States

8

is expressly excluded from the term "employer." 42 U.S.C. § 12111(5)(B)(i). Thus, Congress chose not to expose the United States to suit under Title I of the ADA, so the Army is entitled to sovereign immunity on Idahosa's ADA claims.

Second, Idahosa did not establish that the United States waived its sovereign immunity for Idahosa's state law claims. Idahosa asserts Georgia law claims for gender, age, and disability discrimination. As discussed above, the United States waived its sovereign immunity for claims by federal employees under Title VII and the ADEA. But Idahosa did not allege or otherwise establish that the United States waived its sovereign immunity as to *state law* employment discrimination claims. Accordingly, his state law claims against the Army are dismissed.

CONCLUSION

As discussed above, the Court denies Defendants' motion to dismiss Idahosa's Title VII and ADEA claims as untimely. The Court grants Defendants' motion to dismiss Idahosa's Title VII, ADEA, and ADA claims against Shoemaker and Stueber but does not dismiss the state law claims against these two defendants in their individual capacities. The Court grants Defendants' motion to dismiss Idahosa's ADA claims and state law claims against the Army. Thus, the following claims remain pending: Idahosa's Title VII and ADEA claims against the Army and his

state law claims against Shoemaker and Steuber in their individual capacities.

IT IS SO ORDERED, this 26th day of July, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA